UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHEAL LYNN MERRIVAL, JR.,<br><br>  Plaintiff,<br><br>  vs.<br><br>MARTY J. JACKLEY, ATTORNEY GENERAL OF SOUTH DAKOTA, in his individual and official capacity; PENNINGTON COUNTY, COUNTY OF THE STATE OF SOUTH DAKOTA, in its individual and official capacity; BRIAN MUELLER, CHIEF DEPUTY AT PENNINGTON COUNTY JAIL, in his individual and official capacity; PENNINGTON COUNTY JAIL, COUNTY JAIL AT PENNINGTON COUNTY, in its individual and official capacity; CAPTAIN BROOK HAGA, COUNTY JAIL CAPTAIN AT PENNINGTON COUNTY JAIL, in her individual and official capacity; REBECCA L. MANN, LAWYER-ATTORNEY-COURT OFFICER AT PENNINGTON COUNTY OF SOUTH DAKOTA, in her individual and official capacity,<br><br>  Defendants. | 5:17-CV-05031-JLV<br><br><br>ORDER GRANTING<br>*IN FORMA PAUPERIS* STATUS<br>AND DISMISSING CASE |

Plaintiff Micheal Merrival, Jr., an inmate at the Pennington County Jail in Rapid City, South Dakota, filed a second amended complaint against the defendants. (Docket 6). Mr. Merrival also moves for leave to proceed *in forma*

*pauperis* and submitted a current copy of his prisoner trust account report. (Dockets 7 & 8).

Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed *in forma pauperis*. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or

    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In support of his motion, Mr. Merrival provided copies of his prisoner trust account report signed by an authorized official. (Docket 3). The report shows an average monthly deposit of $0, an average monthly balance of $0, and a current balance of $0. Id. Based on this information, the court finds that Mr. Merrival is indigent, qualifies for *in forma pauperis* status and is not required to make an initial partial filing fee payment. These findings do not discharge the $350 filing fee but rather allow a prisoner the opportunity to pay the filing fee in installments. See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous,

malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Because Mr. Merrival is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

3

Mr. Merrival asserts federal jurisdiction based on: 28 U.S.C. § 1343(a)(3), 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 2202. (Docket 6 at p. 1). Mr. Merrival's complaint contains three counts.

Count I alleges a violation of the equal protection clause of the Fourteenth Amendment. (Docket 6 at p. 5). On the complaint form for the designation of the issues presented, Mr. Merrival checked "Disciplinary proceeding," "Medical care," "Retaliation," "Access to the court," "Mail," "Property" and "Other: To Prosecute and Exerise[sic] Laws Equally to U.S. citizen." Id. He alleges Attorney General "Marty Jackley will not prosecute violators of South Dakota Law, within all of Mr. Merrival[']s state court criminal cases and county jail retaliations." Id. Mr. Merrival alleges Pennington County Deputy States Attorney "Lara Roetzel committed perjury against Mr. Merrival's attorney-client privileges and work-product doctrine of state law." Id. He also claims Pennington County, the Pennington County Jail, Chief Deputy Brian Mueller and Captain Brook Haga "will not allow Mr. Merrival to be equally protected by the attorney-client privileges and work-product doctrine of a self-representative." Id. The amended complaint alleges Attorney Rebecca Mann "made all the above violators to make and enforce a law to [r]etaliated [sic] against Mr. Merrival's privileges and immunities of state and federal law." Id. He further alleges Ms. Mann "made her clients violate Mr. Merrival in a retaliation conduct against Mr. Merrival's legal and state and federal privileges and immunities of Attorney-Client Privileges and Work-Product Doctrines."

Count II alleges a violation of the privileges and immunities clause of the Fourteenth Amendment. Id. at p. 6. On the complaint form for the designation

4

of the issues presented, Mr. Merrival checked "Disciplinary proceeding," "Medical care," "Retaliation," "Access to the court," "Mail," "Property" and "Other: Self-Representation of a U.S. citizen." Id. Mr. Merrival alleges Mr. Jackley, Pennington County, Pennington County Jail, Chief Deputy Mueller and Captain Haga deprived him of the privileges and immunities of "acting as a self-representative" with the "work-product doctrine" in his own legal matters. Id. Plaintiff claims after he filed a federal civil lawsuit in 2015, Attorney Mann "made her clients retaliate against Mr. Merrival by making and enforcing a law to obstruct, impede, deprive, abridge the privileges and immunities of Attorney-Client privileges and Work-Product Doctrine not attached and not protected." Id. The amended complaint alleges "Attorney . . . Mann conspired with all the above defendants, her clients, to injure, obstruct, damage, deprive Mr. Merrival's Self-Representative's privileges and immunities of Attorney-Client Privileges and Work-Product Doctrine of state legal procedures matters and federal legal proceeding's matters in Court." Id. The complaint alleges "Ms. . . . Mann allowed her clients to retaliate[] against Mr. Merrival's lawsuit proceeding by conspiring with them to obstruct, deprive, and abridge Mr. Merrival's Attorney-Client Privileges and Work-Product Doctrine's privileges and immunities as a self-representative in all Mr. Merrival's legal matters." Id.

Count III alleges violation of "the right to due process of law, to life, liberty, property of the (14th) Fourteenth Constitutional Amendment, [and] conspired against the Declaratory Judgment Act of 28 U.S.C.A. § 2202." Id. at 7. On the amended complaint form for the designation of the issues presented, Mr. Merrival checked "Disciplinary proceeding," "Retaliation," "Access to the

5

court," "Mail," "Property" and "Other: Self-Representation of a U.S. citizen." Id. Mr. Merrival alleges "Attorney . . . Mann and all her clients or who are defendants, Marty J. Jackley, Pennington County, Pennington County Jail, Chief Deputy Brian Mueller, [and] Captain Brook Haga, all conspired together to deprive . . . , obstruct, abridge, damage Mr. Merrival's right to Due Process of Law to life, liberty, property to proceed in state and federal courts with, and to due process, to protections of privileges and immunities of a self-representative in all legal matters, to be guaranteed Due Process of Law." Id. While incarcerated at the Pennington County Jail, Mr. Merrival alleges he acted as his own attorney in "all legal proceedings and files pleadings, [and] motions." Id. Mr. Merrival claims he was "denied mailing them to the courts because [he] cannot afford large mila [sic] envelopes." Id. The complaint alleges "all the Defendants will stop his due process because of local county jail rules of holding . . . limited legal documents." Id. The complaint claims "Mr. Merrival trie[d] to send large documental work-product to be due processed and the Defendants conspire[d] to discipline Mr. Merrival and keep Mr. Merrival to not process his self-represented work-products." Id. Plaintiff alleges defendants "conspire[d] to take legal resources away and keep Mr. Merrival to not process his self-represented work-products." Id. He claims the defendants "deprive[d] Mr. Merrival due process to grant motions under the Declaratory Judgment Act." Id.

Mr. Merrival fails to state a claim against Pennington County. "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents on a theory of *respondeat superior*." Andrew v. Fowler,

6

98 F.3d 1069, 1074 (8th Cir. 1996) (citing Monell v. Dep't. of Soc. Servs. of the City of New York, 436 U.S. 658 (1978)). Rather, a county may be liable for violation of constitutional rights if the violation was caused by its customs or policies. Crawford v. Van Buren Cty., Arkansas, 678 F.3d 666, 669 (8th Cir. 2012) (Quoting Rynders v. Williams, 650 F.3d 1188, 1195 (8th Cir. 2011)). Mr. Merrival does not allege any custom or policy of the county that violated his constitutional rights. Mr. Merrival's claims against Pennington County are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failing to state a claim upon which relief may be granted.

Mr. Merrival also fails to state a claim against the Pennington County Jail. "[C]ounty jails are not legal entities amenable to suit." Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). Mr. Merrival's claims against the Pennington County Jail are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failing to state a claim upon which relief may be granted.

The complaint alleges a conspiracy among the individual defendants to deprive Mr. Merrival of several constitutional rights in his attempts to represent himself in legal matters. Conspiracy to interfere with another person's civil rights cited by plaintiff is addressed in 42 U.S.C. § 1985. That section provides in part:

> Depriving persons of rights or privileges[.] If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the

7

> recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. . . .

42 U.S.C. § 1985(3). "The basis of federal jurisdiction for violations of . . . § 1985 is 28 U.S.C. § 1343." Runs After v. United States, 766 F.2d 347, 353 (8th Cir. 1985). Section 1343 confers original jurisdiction in the district court over a civil action:

> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in [42 U.S.C. § 1985);
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in [42 U.S.C. § 1985] which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. §§ 1343(a)(1)-(4).

"In each section 1985 case it must be determined whether there is a constitutional source of congressional power to reach the private conspiracy alleged in the complaint." Means v. Wilson, 522 F.2d 833, 838 (8th Cir. 1975). "[I]n order to show a deprivation of equal protection or equal privileges and immunities which may be redressed under 42 U.S.C. § 1985(3), it must be shown that the conspirators were motivated by an invidiously discriminatory animus toward a racial group or perhaps another type of class." Id. at 839.

Mr. Merrival has not alleged the actions of the individually named defendants were a private conspiracy premised on class or race. Without that predicate, § 1985 does not provide a remedy to plaintiff and 28 U.S.C. § 1343 does not establish jurisdiction in federal court. Runs After, 766 F.2d at 353.

The court next considers Mr. Merrival's claims under 42 U.S.C. § 1983. A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Parker v. Boyer, 93 F.3d 445, 447–48 (8th Cir. 1996) (emphasis added) (quoting West v. Atkins, 487 U.S. 42, 49 (1988) (further citations omitted). "Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law." Jones v. United States,

9

16 F.3d 979, 981 (8th Cir. 1994).  For an individual to be liable under § 1983 that person must have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State."  42 U.S.C. § 1983.

Mr. Merrival alleges Attorney Mann was "employed as a lawyer-attorney-court officer at Pennington County of South Dakota."  (Docket 6 at p. 3).  Attorney Mann, as a private practice attorney, represented the Pennington County defendants in Mr. Merrival's previous lawsuit.  See Merrival v. South Dakota, Civ. 15-5023-JLV (D.S.D. 2015).

Private attorneys are generally not considered to have acted under color of state law when representing their clients.  See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) (holding that with respect to a § 1983 claim, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").  Individuals who would otherwise not be considered state actors may be considered to have acted under color of state law when they conspire with state actors to deprive an individual of their federal rights in violation of § 1983.  See Tower v. Glover, 467 U.S. 914, 920 (1984); Carlson v. Roetzel & Andress, 552 F.3d 648, 651 (8th Cir. 2008).

In order for private actors to be considered to have acted under color of state law by conspiring with state actors, the complaint must "adequately allege[] that Private Defendants were 'willful participant[s] in joint activity with the State or its agents' in denying the [plaintiff's] constitutional rights[.]"  McCoy v. Carter-Jones Timber Co., 2009 WL 3713697, at *1 (8th Cir. Nov. 9, 2009) (unpublished opinion) (alteration in original) (citing Dossett v. First State

Bank, 399 F.3d 940, 947 (8th Cir. 2005)).  Mr. Merrival alleges Attorney Mann both conspired with the other defendants and at times even directed them to retaliate against Mr. Merrival.  The court will evaluate Mr. Merrival's claims against Attorney Mann under § 1983.

In count I of the amended complaint, Mr. Merrival alleges defendants violated the equal protection clause of the Fourteenth Amendment.  (Docket 6 at p. 5).  Mr. Merrival fails to allege *how* defendants "deprived Mr. Merrival's equal protection to the laws."  Id.  To the extent Mr. Merrival intended count I to raise a retaliation claim, he fails to state a claim of retaliation upon which relief may be granted.  "At a minimum . . . a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations."  Springdale Education Association v. Springdale School District, 133 F.3d 649, 651 (8th Cir. 1998).  A complaint that fails to "allege sufficient facts upon which a retaliatory animus could be inferred" should be dismissed.  Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996).  Mr. Merrival does nothing more than allege defendants retaliated against him.  Mr. Merrival has not pleaded sufficient facts to state a claim.  Count I is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

In count II of the amended complaint, Mr. Merrival alleges defendants violated the privileges and immunities clause of the Fourteenth Amendment.  (Docket 6 at p. 6).  The privileges and immunities clause provides: "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . ."  U.S. Const. Amend. XIV, § 1.  The privileges and immunities clause has been narrowly construed and is

associated primarily with the right to interstate travel.  See, e.g., Saenz v. Roe, 526 U.S. 489 (1999).  Mr. Merrival fails to identify a federal right protected by the privileges and immunities clause that has been violated or how the defendants violated this right.  The court must liberally construe Mr. Merrival's *pro se* pleadings, but the court is not required to formulate Mr. Merrival's arguments for him.  Mr. Merrival has not articulated a privileges and immunities claim.  Count II fails to state a claim upon which relief may be granted.  Count II is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

In count III of the amended complaint, Mr. Merrival alleges defendants violated his right to due process.  (Docket 6 at p. 7).  " '[T]o prevail on a Fourteenth Amendment due process claim, [Mr. Merrival] must first demonstrate that he was deprived of life, liberty or property by government action.' "  Ballinger v. Cedar Cty., Mo., 810 F.3d 557, 562 (8th Cir. 2016) (citing Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003)).  Mr. Merrival claims a deprivation of property that infringes on his right of access to the courts.

It is well established "that prisoners have a constitutional right of access to the courts."  Bounds v. Smith, 430 U.S. 817, 821 (1977).  To prevail on an access to the courts claim, a prisoner must establish that he has sustained "an actual injury."  Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001) (citing Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997)).  To demonstrate "actual injury," the prisoner must show " 'that a nonfrivolous legal claim had been frustrated or was being impeded.' "  Id.  (citing Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998)).

12

Mr. Merrival fails to allege a nonfrivolous legal claim was frustrated or impeded by the defendants. Count III alleges he was denied the right to mail his court pleadings because he could not afford large manila envelopes. (Docket 6 at p. 7). He fails to identify who denied him the right to mail his pleadings to the court. Id. Mr. Merrival alleges all of the defendants use the "local county jail rules" that limit the number of documents he can possess. Id. He does not explain how defendants used this rule to deny him due process. Count III has not pleaded sufficient facts to state a claim. Count III is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Based on the analysis above, it is

ORDERED that Mr. Merrival's motion to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket 8) is denied as moot.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Merrival shall, whenever the amount in Mr. Merrival's inmate account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

IT IS FURTHER ORDERED that pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) the second amended complaint (Docket 6) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

Dated December 3, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE